UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN HENDRICKS BLONDHEIM,           Civil No. 05-2930 (JNE/FLN)

    Plaintiff,

v.                                        **REPORT AND RECOMMENDATION**

OLMSTEAD COUNTY ADULT
DETENTION CENTER, DR. JANE DOE,
and MN DOC, et al.,

    Defendants.

Plaintiff, a prisoner at the Minnesota Correctional Facility at Moose Lake, Minnesota, commenced this action by filing a pleading entitled "Complaint For Rights Violation Of Civil Under 42 U.S.C. 1983." (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

The allegations in Plaintiff's complaint, (which are meager and nearly unintelligible), indicate that he has been in and out of custody during the five to ten years. He apparently

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

has spent some time at the Olmsted County Adult Detention Center, ("OCADC"), and quite a bit of time at various prisons operated by the Minnesota Department of Corrections, ("MN-DOC"). As far as the Court can tell, Plaintiff is claiming that at some time while he was incarcerated, he needed some type of surgery. (The complaint say nothing about the nature of Plaintiff's alleged medical problems, or the nature of the surgery that he allegedly needed.)

Plaintiff is now attempting to sue OCADC, Dr. Jane Doe, and MN-DOC,[2] claiming only that "Defendants in failing to provide medical care guaranteed in the U.S. and State of Minnesota Constitutions are repeatedly releasing Plaintiff from prison to fend for himself and rely on the Government and the minimal support of Social Services (the public) although Plaintiff was an able, trained, and highly respected Ironworker/Welder and Mechanic before injury." Plaintiff describes the relief he is seeking in this action as follows: "Schedule a Jury trial, following discovery -etc., and, allow them to decide if Plaintiff and the 'RECORD' are more truthful than defendants."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress under 42 U.S.C. § 1983, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act, ("PLRA"), requires federal courts to screen the pleadings in every prisoner action brought against governmental parties, "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C.

---

[2] The "Parties" section of the Complaint includes an unexplained reference to a "Capt. Sinner," but he (or she) is never mentioned anywhere else in Plaintiff's pleading. If Plaintiff intended to name "Capt. Sinner" as a Defendant, he obviously has not alleged any facts that would support any claim against him (or her).

§ 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff's complaint fails to state any cause of action on which relief can be granted. It will therefore be recommended that this action be summarily dismissed, in its entirety, pursuant to § 1915A(b)(1).

The Court initially notes that Defendant OCADC is merely a building or facility that is used as jail, and it is not a cognizable legal entity that has the capacity to be sued. See Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (holding that "a jail is not an entity that is amenable to suit," and citing four other federal court decisions that have ruled the same); De La Garza v. Kandiyohi County Jail, No. 01-1966 (8th Cir. 2001), 2001 WL 987542 (unpublished opinion) at *1 (affirming dismissal of prisoner civil rights action against county jail and county sheriff's department, "because neither named party was a suable entity"). Therefore, Plaintiff has failed to plead an actionable claim against Defendant OCADC.

Plaintiff cannot sue Defendant MN-DOC, because states and their agencies are immune from suit in federal court under the Eleventh Amendment, unless Congress has abrogated the state's immunity by some express statutory provision, or the state has consented to be sued. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100

(1984). This immunity applies "regardless of the nature of the relief sought." Id.

Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983, Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979), and the State of Minnesota has not waived its immunity and consented to be sued in this case. Therefore, Plaintiff has failed to state an actionable claim against Defendant MN-DOC.

Finally, the Complaint does not state an actionable claim against Defendant Dr. Jane Doe, because it does not allege any facts, which if proven true, would entitle Plaintiff to a judgment against Defendant Doe. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). The Plaintiff's complaint does not describe any specific act or omission by Defendant Doe that allegedly violated Plaintiff's federal constitutional rights. In fact, Defendant Doe is not even mentioned in any of the substantive allegations of the complaint. Thus, the Court finds that Plaintiff has failed to plead any viable cause of action against Defendant Doe.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any actionable claim for relief against any of the named Defendants. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $250 filing fee.[3] To date, he has not paid any fee at all, so he still owes the full $250 fee. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $250, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

      4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: January 3, 2006

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 24, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.